Nathan Brown SBN 033482
15100 N. 78th Way Suite 203
Scottsdale, AZ 85260
Phone | 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Products LLC, an Arizona Company,<br><br>Plaintiff,<br><br>vs.<br><br>Unknown business,<br><br>Defendant | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

Spectrum Products LLC, through its attorney of record, alleges the following:

**PARTIES**

1. Spectrum Products LLC is a company duly and legally formed under the laws of the State of Arizona.

2. Spectrum Products LLC is a global innovator of air movement technologies.

3. Upon information and belief, Defendant is a currently unknown business but uses the name Autonne LLC online. Autonne LLC is not an actual business operating within the United States. Plaintiff believes it is an alias.

COMPLAINT  DEMAND FOR A JURY TRIAL - 1

4. Upon information and belief, Autonne LLC is owned by Yanwen Store which is a name arbitrarily used by Shenzhen Yuanwen Electronic Technology Co. Ltd. Since these aliases originate possibly in China, it is near impossible for Plaintiff to determine the origination of the infringing business. There is no known address associated with the ownership.

5. Since Autonne LLC is an unknown business of unknown name and location, with unknown principal place of business, Plaintiff lists the Defendant as Unknown. The actual name of the business, the actual location of the business, and the actual principal place of business are believed to be only currently known by Amazon.com. Plaintiff will amend its complaint to name this unknown business when its identity is learned.

6. Plaintiff believes that Autonne LLC is an alias at best used to hide its true identity to consumers and the American public.

## JURISDICTION

7. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 154, 281 and 283-285.

8. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT  DEMAND FOR A JURY TRIAL - 2

# VENUE

9. Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400.

10. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within Arizona giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice. The Defendant, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by among other things offering to sell and selling products and/or services that infringe the asserted patents.

11. Generally, a "patentee may . . . obtain damages only for acts of infringement after the issuance of the [] patent." *Welker Bearing Co. v. PHD, Inc*., 550 F.3d 1090, 1095 (Fed. Cir. 2008) (internal quotation marks omitted). However, an exception exists in cases where a patentee can prove that it qualifies for "provisional rights" under 35 U.S.C. § 154(d). When present, provisional rights allow a patentee to obtain a reasonable royalty from one who committed acts that would constitute infringement of the invention as claimed in the published patent application, between the date on which the application was published and the date of the patent's issuance. See 35 U.S.C. § 154(d)(1).

12. The statute also unambiguously provides that what the alleged infringer must have actual notice of is "the published patent application." Thus, there is no requirement that the alleged infringer be put on notice of the conduct the patent applicant believes constitutes infringement. See *The First Years, Inc. v. Munchkin, Inc.*, 2008 U.S. Dist. LEXIS 70482, 2008 WL 4283122, at *2 (W.D. Wis. Sept. 17, 2008) (holding that § 154(d) contains "no requirement that a patentee provide notice of the specific manner by which a defendant is believed to be practicing the inventions claimed in a patent application").

13. Upon information and belief, Defendant stores the infringing products in warehouses in Arizona. From Arizona the infringing products are offered for sell and shipped to any buyer in the United States.

14. Upon information and belief, Defendants sell or offer to sell the infringing product in the State of Arizona.

15. Defendants sell or offers to sell the infringing product in Maricopa County, State of Arizona.

16. Upon information and belief, Defendant is not registered to do business in any State.

## THE PATENT

17. The Patent is US11506418B1 ("6418"), titled Vent Extender.

COMPLAINT  DEMAND FOR A JURY TRIAL - 4

18. The '6418 patent is an Utility Patent.

19. The '6418 patent was filed on 02-23-2022

20. The '6418 patent was granted on 11-22-2022

21. The '6418 status is Active.

22. Spectrum Products LLC is the owner of the '6418 patent and also a related United States Design Patent D925721.

23. Spectrum Products LLC has the exclusive rights to sue and collect remedies for past, present, and future infringement of the Patents listed in the lawsuit.

## PATENT INFRINGEMENT

24. Plaintiff incorporates all previous paragraphs.

25. Defendant or its affiliates sells, offers for sell, imports and or distributes infringing products of the '6418 patent.

26. Defendant sells products embodying the '6418 patent in the United States.

27. One of the online locations Defendant offers the infringing product for sale is Amazon.com.

28. Defendant knows of the infringement as the Plaintiff have sent the Chinese manufacturer association with the Defendant a Cease and Desist Letter via Federal Express mail and then sent the email associated with the Amazon.com account a Cease and Desist Letter, email: shangbiao@sellergrowth.cn.

COMPLAINT  DEMAND FOR A JURY TRIAL - 5

29. The Cease and Desist Letter identified the '6418 patent and explained in detail how the Defendant's product incorporated the features of the '6418 and infringed the claims of the '6418 patent. The Cease and Desist Letter demanded that the Defendant cease all advertising and sales of the infringing product. Plaintiff received no response.

30. Defendant has infringed and continue to infringe the claims of the '6418 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and or offering for sale in the United States, and or importing in the United States, the accused products.

31. For example, the infringing product meets all the claims of the '6418 patent.

32. Defendant committed and commits acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '6418 patent. Defendants knew they did not have any rights to the infringing product when they offered it for sale.

33. The fact that Defendant hides behind fabricated businesses and aliases lends to the belief that the Defendant knows that it is infringing on the patents and products of others and does so with full knowledge that they are offering for sale infringing products.

COMPLAINT  DEMAND FOR A JURY TRIAL - 6

34. The fact that Defendant has no obvious methods of communication with the public lends itself to Defendant knowing that it is infringing on the patents and products of others and does so with full knowledge that they are offering for sale infringing products.

35. On information and belief, Defendant acts with objective recklessness by proceeding despite an objectively high likelihood that their actions constitute infringement of a not only patentable product, but a valid patent.

36. Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement. Defendants actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '6418 Patent. On information and belief, Defendants possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Products to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Products that infringe the '6418 Patent. Defendant is aware and/or willfully blind that these affirmative acts

infringe and/or would induce infringement of the '6418 Patent, of which it had knowledge.

37. Defendant's deliberate or intentional infringement, which has been with actual notice of the '6418 Patent, has been and is willful, and Plaintiff is therefore entitled to enhanced damages for willful infringement.

38. The '6418 Patent has no substantial non-infringing use.

## PRELIMINARY INJUNCTION

39. Plaintiff incorporates all proceeding paragraphs.

40. Defendant will continue to infringe unless this Court enjoins Defendant and their agents, servants, employees, representatives and all others acting in active concert with it from infringing the '6418 Patent.

41. Plaintiff has been damages as a result of Defendant's infringing conduct. Defendant is thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42. Plaintiff has no hope of recovering damages unless an immediate injunction is ordered.

COMPLAINT  DEMAND FOR A JURY TRIAL - 8

43. Upon information and belief, Defendant has hidden behind a series of alias, fake names, fake addresses, unregistered businesses, and possibly fake emails.

44. The merits in this case favor the Plaintiff, because the infringing product is a counterfeit of Plaintiff's patent.

45. If a preliminary injunction is not issued, Plaintiff has no way of locating the Defendant's moneys or products after a verdict is reached.

46. Plaintiff will continue to be irreparably harmed because there is based on Defendant's actions of unknown aliases and unregistered businesses, there is no official record of Defendant in the United States.

47. Defendants could immediately leave the country instead of paying infringement damages and costs.

48. A preliminary injunction will send a clear message to all sellers of products, if you did not invent the product and you are copying the product from another, you must pay.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and prays that the Court grant the following relief to Plaintiff:

  A.   A judgement that the '6418 patent is  infringed by Defendant's manufacture, offers to sell, sales, or uses within the United States, or

COMPLAINT  DEMAND FOR A JURY TRIAL - 9

importation into the United States, of products, including without limitation; and

B. An order permanently enjoining Defendant, its affiliates and subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, offering to sell, selling, using, or importing into the United States, products claimed in any of the claims of the '6418 patent, and from causing or encouraging others to use, sell, ,offer for sale or import products that infringe any claim of the '6418 patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled;

C. An order awarding damages under 35 U. S.C. 284 in an amount sufficient to compensate Plaintiff for its damages arising from infringement by Defendant, including but not limited to, lost profits and/or a reasonable royalty, together with pre-judgment and post-judgment interest, and costs;

D. An order awarding treble damages for willful infringement by Defendant, pursuant to 35 U.S.C. 284;

E. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

COMPLAINT  DEMAND FOR A JURY TRIAL - 10

F.     A judgment declaring that this case is exceptional and awarding Plaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C. 285; and

G.     Such further and other relief as this Court deems proper and just.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated this the 2nd day of January, 2024.

*/s/ Nathan Brown*
Attorney for Plaintiff

COMPLAINT  DEMAND FOR A JURY TRIAL - 11